UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL NDENGANI SALA,<br><br> Petitioner,<br><br> v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; TODD LYONS, Acting Director, U.S. Immigration & Customs Enforcement; and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br> Respondents. | Civil Action No. 1:26-cv-10043-IT |

MEMORANDUM & ORDER

January 28, 2026

TALWANI, D.J.

Pending before the court is Petitioner Samuel Ndengani Sala's Petition for Writ of Habeas Corpus [Doc. No. 1], The Petition is granted for the reasons and on the terms set forth below.

I. Background

Petitioner, a citizen of Angola, entered the United States on or about July 22, 2024. Pet. ¶¶ 6, 11 [Doc. No. 1]. Upon entry, Petitioner was "apprehended and placed in expedited removal proceedings" but was later referred for a "credible fear interview" after expressing a fear of persecution. Id. ¶ 11.

After an asylum officer concluded that Petitioner's fear of persecution was credible, the U.S. Department of Homeland Security ("DHS") issued him a Form I-862 Notice to Appear and moved Petitioner to "full removal proceedings under INA § 240 [8 U.S.C. § 1229a]." Id. ¶ 12.

The Notice to Appear, issued on August 20, 2024, identified Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than as an "arriving alien," and notified Petitioner that his "Section 235(b)(1) order [for expedited removal] was vacated[.]" Resp., Ex. 1 [Doc. No. 6-1].

On January 16, 2025, U.S. Immigration and Customs Enforcement ("ICE") granted Petitioner discretionary parole under 8 U.S.C. § 1182(d)(5)(A) and released him from custody. Pet. ¶ 13 [Doc. No. 1]. Id. Over the next eleven months, Petitioner resided in Wisconsin and, later, in Portland, Maine. Id.; Pet., Ex. C, at ECF 13-14 [Doc. No. 1]. During that period, Petitioner filed a Form I-859 Application for Asylum and Withholding of Removal and maintains that he "lived in the community, reported to ICE as required, . . . and committed no crimes." Pet. ¶ 14 [Doc. No. 1].

Petitioner, accompanied by his attorney, appeared at an ICE office in Scarborough, Maine on December 13, 2025. Id. ¶ 15. While there, ICE arrested Petitioner but "provided no reason for the arrest and no notice that his parole was being terminated." Id. ICE undertook the arrest pursuant to a Form I-200 Warrant for Arrest of Alien, citing the authority of "sections 236 and 287 of the Immigration and Nationality Act [("INA")] and part 287, title 8, Code of Federal Regulations."[1] Id. ¶ 16; Pet., Ex. A, at ECF 8 [Doc. No. 1].

On January 5, 2026, an Immigration Judge conducted a custody redetermination hearing (a "bond hearing") for Petitioner. Pet. ¶ 18 [Doc. No. 1]. The Immigration Judge denied bond for Petitioner, stating:

> When the Respondent was apprehended at the border after his illegal entry, he was placed in expedited removal proceedings and USCIS issued an NTA after finding of a positive fear. The Court, applying the partial final judgment of the US District

---

[1] Section 236 of the INA is codified at 8 U.S.C. § 1226.

>     Court of Massachusetts dated 12/19/2025 of Judge Patti B. Saris, the Respondent
>     appears to be ineligible for bond.

Pet., Ex. B, at ECF 10 [Doc. No. 1]. The Immigration Judge found further that:

>     Had the Respondent been eligible for bond, the Court would have set bond at
>     $5,000 with certain conditions of release as follows: The Respondent is hereby
>     warned of his obligation to file Form EOIR-33 whenever he changes his address
>     during the pendency of this proceeding. The Respondent is also warned of his
>     obligation to attend the hearings at the time and place designated by the
>     immigration court. The Respondent's failure to attend any hearing scheduled by the
>     immigration court may result in a removal order entered in his absence. Finally, the
>     Respondent must learn and comply with the laws of the United States and the state
>     of his residence.

Id.; see Pet. ¶ 18 [Doc. No. 1]. Petitioner is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶ 5 [Doc. No. 1].

II.   Discussion

Neither party addresses the immigration judge's erroneous conclusion that the partial final judgment issued in Guerrero Orellana v. Moniz, 25-cv-12664, Doc. No. 113 (D. Mass. Dec. 19, 2025), precludes Petitioner's eligibility for a bond hearing. In Guerrero Orellana, the partial final judgment imposed a declaratory judgment as to a specific class of individuals. Id. at *1–2. The determination that an individual is not part of a class does not mean that the individual's claims have been litigated adversely in the class action, but rather that the claims have not been litigated as part of that class action. Accordingly, the court finds that the Guerrero Orellana partial judgment does not render Respondent ineligible for bond.

Petitioner asserts that (1) he is subject to discretionary detention under 8 U.S.C. § 1226, rather than mandatory detention under 8 U.S.C. § 1225, and is therefore "entitled to a release on bond if he does not pose a danger or flight risk," see Pet. ¶¶ 19–23 [Doc. No. 1]; and (2) Respondents' erroneous detention of Petitioner pursuant to 8 U.S.C. § 1225 is a violation of Petitioner's due process rights under the Fifth Amendment to the U.S. Constitution, see id.

¶¶ 24–27. Petitioner requests, inter alia, that this court "[o]rder Respondents to immediately release Petitioner upon his posting of the $5,000 bond previously set by [the immigration judge] in her Order dated January 5, 2026." Id. at ECF 6.

In their Response [Doc. No. 6], Respondents "submit that the legal issues and facts presented in this Petition are similar to those most recently addressed by this Court in Cabello v. Moniz et al., No. 25-13213-IT, . . . (D. Mass. Nov. 26, 2025)" and that

> this Court has also issued similar decisions in Doe v. Moniz, Civil Action No. 25-cv-12094-IT, . . . (D. Mass. Sept. 5, 2025), Escobar v. Hyde, Civil Action No. 25-cv-12620-IT, . . . (D. Mass. Oct. 3, 2025), and Maza v. Hyde, Civil Action No. 25-cv-12407-IT, -- F. Supp. 3d --, . . . (D. Mass. Oct. 20, 2025).

Id. at 1-2. Respondents therefore acknowledge that, should the court follow the reasoning in Gutierrez Cabello, Doe, and similar cases, "it would likely reach the same result here." Id. at 2.

The court finds that the reasoning of Doe and Gutierrez Cabello remains correct, and that nothing in the record indicates that Petitioner is detained under 8 U.S.C. § 1225 rather than under 8 U.S.C. § 1226. The court also finds persuasive the detailed analysis in Jimenez v. FCI Berlin, Warden, 799 F. Supp. 3d 59 (D.N.H. 2025), on facts similar to those presented here.

Accordingly, the Petition [Doc. No. 1] is GRANTED. Respondents are ORDERED to release Petitioner from ICE custody upon his posting of the $5,000 bond previously determined by the Immigration Judge, with no additional conditions beyond those contemplated by the Immigration Judge in the January 5, 2026 order. Respondents shall submit a status report on this matter no later than February 2, 2026.

IT IS SO ORDERED.

January 28, 2026                              /s/ Indira Talwani
                                              United States District Judge